UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL EDWARD JOHNSON,

Plaintiff,

v.

JAMES BRUTON, DONALD DOANE, DAN AHLNESS, and several unknown officials named here as JOHN DOES,

Defendants.

CIVIL NO. 00-2626 (DWF/JMM)

REPORT AND RECOMMENDATION

Plaintiff, a Minnesota prison inmate, has filed a Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) to screen Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff is incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH"). His current complaint stems from an incident that occurred at the prison on October 23, 2000. On that day, Plaintiff used a pebble to etch a derogatory remark about a correctional officer on the window of his cell door. He wrote, "cursing Doane want to treat me like a dog get bit." (Complaint, [Docket No. 1], p. 3, ¶ 1.)

DEC 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's etching was discovered about an hour after it was completed. When initially questioned by MCF-OPH correctional officers, Plaintiff admitted that he had indeed defaced his cell door window. Approximately twenty or thirty minutes later, Correctional Officers Donald Doane and Dan Ahlness returned to Plaintiff's cell with a squad of other officers. The various officers entered Plaintiff's cell with a "restraint board," and they proceeded to strap Plaintiff onto the board.[1] When Plaintiff asked why he was being strapped to the restraint board Ahlness allegedly told him that "you'll be there for ½ hour and we'll be back to see if your [sic] ready to come off then." (Complaint, p. 6, ¶ 14.)

Approximately one half hour after Plaintiff was strapped to the restraint board, Doane and Ahlness returned to Plaintiff's cell and asked him whether he was ready to stop misbehaving and stop cursing at correctional officers. Plaintiff responded that he was not going to present any more problems, and he was then taken off the restraint board.

After being removed from the board, Plaintiff asked Ahlness why he had been restrained. He pointed out that before being strapped to the board he had been simply lying in his cell, and that he had not posed any risk to anyone's safety or security. Ahlness allegedly told Plaintiff "to stay out of trouble and that wouldn't happen again." (Complaint, p. 8, ¶ 19.) Plaintiff was not satisfied with Ahlness's response, and he took advantage of prison grievance procedures to complain about the use of the restraint board. However,

---

[1] The Complaint does not include any specific description of the restraint board. The Court assumes that it is a piece of wood, plastic or metal that is larger than a human body, with straps attached to it. Presumably, a prisoner can be effectively immobilized by using the straps to attach his body securely to the board.

he also was not satisfied with any of the responses to his grievances, including the response of MCF-OPH Warden James Bruton.

On December 1, 2000, Plaintiff filed his present lawsuit. He is attempting to sue Donald Doane, Dan Ahlness, James Bruton, and various "John Doe" defendants for allegedly violating his federal constitutional rights. He claims that Defendants violated his Eight Amendment rights by placing him on the restraint board, and by failing to adequately respond to his complaints about the use of the board. Plaintiff is seeking a declaratory judgment, injunctive relief, and both compensatory and punitive damages.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

For the reasons discussed below, the Court finds that Plaintiff's present Complaint does not state any cause of action on which relief can be granted. It will therefore be recommended that the action be summarily dismissed pursuant to § 1915A(b)(1).

Plaintiff is claiming that Defendants violated his Eighth Amendment rights by using excessive force against him. To state an actionable Eighth Amendment claim based on the use of excessive force, a prisoner must allege facts showing that the defendant(s) acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). An excessive force claim has two fundamental components -- (1) a subjective component involving the defendant's state of mind, (i.e., did the defendant act "maliciously and sadistically?"), and (2) an objective component involving the plaintiff's injury, (i.e., did the defendant(s) "cause harm" to the prisoner?). To plead an actionable claim, a prisoner-plaintiff must allege facts supporting both of these components.

To satisfy the second component of an excessive force claim, a prisoner-plaintiff must allege facts showing that the defendant(s) caused him to suffer some actual, identifiable harm. "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994).

In the present case, Plaintiff has not pleaded an actionable Eighth Amendment claim, because nothing in his Complaint suggests that he suffered any harm or injury of any kind as a result of his brief (30-minute) confinement on the restraint board. It could be inferred that the restraint board was uncomfortable, (although Plaintiff has not actually alleged even that much), but Plaintiff's lengthy and detailed Complaint does not offer the slightest hint that he suffered any actual injury. There is no suggestion that he sought any medical attention after being taken off the board; nor is there any suggestion that he ever complained about anything other than the apparent indignity of being treated

like a highly dangerous person. Because Plaintiff's Complaint does not allege any facts showing any actual injury of any kind, it does not state an actionable Eighth Amendment claim.

Furthermore, because Plaintiff has alleged no physical injury, it appears that his claims for relief are barred by 42 U.S.C. § 1997e(e). This statute, which was enacted as part of the PLRA, provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

Plaintiff is a prisoner who apparently is seeking to recover damages for purely mental or emotional harm, without alleging any facts showing any related physical injury of any kind. His current claims are therefore barred by § 1997e(e). See Zehner v. Trigg, 952 F.Supp. 1318 (S.D.Ind. 1997), aff'd, 133 F.3d 459 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). For this additional reason, Plaintiff's Complaint fails to state an actionable claim.

## III. CONCLUSION

For the reasons discussed above, the Court recommends that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted. It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[2] To date, he has

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly

not paid any part of the filing fee, so he will still owe the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, because Plaintiff has not stated any actionable claim for relief, his request for appointment of counsel, (Docket No. 3), will be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

---

states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: December 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before January 15, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.