**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Paul Edward Johnson,

Plaintiff,

v.

James Bruton, Donald Doane, Dan Ahlness, and John Doe, and several unknown officials named here as, sued in their individual and official capacities,

Defendants.

Civil No. 00-2626 (DWF/JMM)

**ORDER**

---

Paul E. Johnson, Pro Se, #147696, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Plaintiff.

---

This matter is before the Court upon Plaintiff's objections to Magistrate Judge John M. Mason's Report and Recommendation dated December 28, 2000, recommending that Plaintiff's application to proceed without prepayment of fees be denied; that the action be summarily dismissed to 28 U.S.C. § 1915A(b)(1); that the Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); that Plaintiff's motion for appointment of counsel be denied; and that, for the purposes of 28 U.S.C. § 1915(g), the action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted." The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

FILED MAR 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 29 2001
DEPUTY CLERK

Based upon the Court's review of the record and the Court having reviewed the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Mason's Report and Recommendation dated December 28, 2000 (Doc. No. 4), is **ADOPTED**.

2. Plaintiff's "Application to Proceed Without Prepayment of Fees" (Doc. No. 2) is **DENIED**.

2. The action is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 915A(b)(1).

3. Plaintiff is ordered to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2).

4. Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**.

5. For purposes of 28 U.S.C. § 1915(g), this action is **DISMISSED** "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 28, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 29 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.